1 | MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
2 | BENJAMIN R. KING (SBN 205447)
bking@loeb.com
3 | DERRICK TALERICO (SBN 223763)
dtalerico@loeb.com
4 | LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
5 | Los Angeles, California 90067-4120
Telephone:   310-282-2000
6 | Facsimile:   310-282-2200

7 | Attorneys for Creditors
HOLLY GETLIN, as Trustee of the Irene
8 | Karsin Family Trust

9

10 | UNITED STATES BANKRUPTCY COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | LOS ANGELES DIVISION

13

| | |
|---|---|
| In re | ) BK Case No. 2:08-32333-BR |
| | ) |
| NAMCO CAPITAL GROUP, INC., a | ) Chapter 11 |
| California corporation; and EZRI NAMVAR, | ) |
| an individual, | ) Adv. No. _____ |
| | ) |
| Debtors. | ) Jointly Administered with Case No. 2:08-32349-BR |
| | ) |
| | ) |
| | ) Assigned to Hon. Barry Russell |
| **Check One or More as Appropriate:** | ) |
| ☐ Affects Both Debtors | ) **ADVERSARY COMPLAINT FOR** |
| ☐ Affects Namco Capital Group, Inc. only | ) **DAMAGES AND TO DETERMINE** |
| ☒ Affects Ezri Namvar only | ) **NON-DISCHARGEABILITY OF** |
| | ) **DEBT UNDER 11 U.S.C. §§** |
| | ) **523(a)(2)(A), 523(a)(4), and 523(a)(6)** |
| HOLLY GETLIN, in her capacity as Trustee | ) |
| u/d/t IRENE KARSIN FAMILY TRUST; | ) **[Demand for Jury Trial]** |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| EZRI NAMVAR, an individual, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

# ADVERSARY COMPLAINT

Holly Getlin, in her capacity as Trustee of the Irene Karsin Family Trust (the "Family Trust"), brings this action against debtor Ezri Namvar for damages and to determine the non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6), and in support thereof allege as follows:

## PRELIMINARY STATEMENT

1.    This case arises from, upon information and belief, a "Ponzi" scheme perpetrated by defendant EZRI NAMVAR, ("NAMVAR") through an inadequately capitalized sham corporation called Namco Financial Exchange Corp. ("NAMCO FINANCIAL").  Through this scheme, in which NAMVAR and NAMCO FINANCIAL purported to act as a "qualified intermediary" in a tax-deferred exchange pursuant to United States Internal Revenue Code Section 1031 (26 U.S.C. § 1031) (hereinafter, "Section 1031"), NAMVAR stole more than $3.6 million from the Family Trust, and, upon information and belief, improperly transferred some or all of those proceeds to debtor NAMCO CAPITAL GROUP, INC. ("NAMCO CAPITAL").

2.    Upon information and belief, NAMCO FINANCIAL and NAMVAR never ran a legitimate Section 1031 exchange operation, and had no interest or desire in honoring the legal obligations incurred in that role.  Instead, upon information and belief, NAMCO FINANCIAL and NAMCO CAPITAL were nothing more than NAMVAR's vehicles to operate an illegal "Ponzi" scheme, which was intended to, and did, bilk unsuspecting investors, including the Family Trust, out of millions of dollars of deposited funds to provide NAMVAR and NAMCO CAPITAL with capital to engage in other risky investments.  Despite contractually agreeing to maintain the Family Trust's exchange proceeds in a "nationally insured bank or savings institution," NAMVAR and NAMCO CAPITAL instead used the deposited funds for their own risky investments, making the funds unavailable to accomplish the Section 1031 exchange for which they were deposited.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

## THE PARTIES

3.      At all times herein mentioned, plaintiff HOLLY GETLIN was and is the Trustee of the Irene Karsin Family Trust, a trust organized under the laws of the State of California.

4.      Upon information and belief, defendant NAMVAR was and is an individual residing in the County of Los Angeles, State of California, and, at all times herein mentioned, was and is the Chief Executive Officer and owner of both NAMCO FINANCIAL and NAMCO CAPITAL.

5.      Upon information and belief, NAMVAR formed NAMCO FINANCIAL and NAMCO CAPITAL with the intention of avoiding personal liability for the Ponzi scheme described herein.  The Family Trust is informed and believes and, on that basis alleges, that NAMVAR has used NAMCO FINANCIAL and NAMCO CAPITAL as his alter egos by, among other things:

a.  Commingling personal and corporate funds and other assets;

b.  Diverting corporate funds or assets to uses other than the benefit of those corporations or the satisfaction of their obligations and debts;

c.  Treating each of NAMCO FINANCIAL's and NAMCO CAPITAL's corporate assets as his own;

d.  Failing to maintain separate and adequate corporate records;

e.  Failing to capitalize NAMCO FINANCIAL or NAMCO CAPITAL adequately;

f.  Using each of NAMCO FINANCIAL and NAMCO CAPITAL as a mere shell, instrumentality, and/or conduit for his personal business activities; and

g.  Using each of NAMCO FINANCIAL or NAMCO CAPITAL as a shield against personal liability and as a subterfuge for illegal transactions.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

3

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.  This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**GENERAL ALLEGATIONS**

**Tax Deferred Exchanges Generally**

8.    In a typical real property sale, the selling party is taxed on any gain realized from the sale of that property.  In a Section 1031 Exchange, however, the tax on any gain is deferred until some future date.

9.    A tax deferred exchange is a method by which a property owner (or "exchanger") exchanges properties of "like-kind" by reinvesting the proceeds of the sale of one property (the "relinquished property") in another property (the "replacement property") of equal or greater value within a 180-day period (the "Exchange Period").  In this manner, the exchanger realizes no capital gain on the sale of the relinquished property, and defers the payment of certain taxes.

10.    In order to obtain the full tax benefit afforded by Section 1031, a deferred exchange must be structured so that an exchanger's interest in the relinquished property is assigned to a "qualified intermediary," as that term is defined by United States Treasury Regulation § 1031.1031(k)-1(g)(4)(iii) (hereinafter, "Qualified Intermediary"), prior to the close of the sale of the relinquished property.

11.    A Qualified Intermediary is formally defined as an independent person who enters into a written agreement (the "exchange agreement") with the exchanger and, as required by the exchange agreement, acquires the relinquished property from the exchanger, transfers the relinquished property to its purchaser, acquires the replacement property with the proceeds of the sale of the relinquished property, and transfers replacement property to the exchanger.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

4

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

12.     In order to take advantage of a tax deferred exchange, the exchanger's rights to receive, pledge, borrow or otherwise obtain the proceeds of the sale of the relinquished property is limited during the Exchange Period – *i.e.*, the Qualified Intermediary is to hold those proceeds in trust and to use them only to acquire the replacement properties.  As a consequence, in effect, a Qualified Intermediary acts as the exchanger's independent escrow agent for, among other things, the exchange proceeds and acquisition of replacement properties during the Exchange Period.

**The Family Trust's Use Of NAMCO FINANCIAL As A "Qualified Intermediary"**

13.     On or about May 19, 2008, the Family Trust and NAMCO FINANCIAL entered into the Exchange Agreement (the "Agreement").  The Family Trust believes that the Agreement was reduced to writing but, as of the filing of this Adversary Complaint, has been unable to locate a copy of said Agreement.

14.     By the terms of the Agreement, NAMCO FINANCIAL agreed to act as a Qualified Intermediary for the Family Trust in connection with a deferred exchange of certain real property to be sold (the "Relinquished Property") for replacement property(ies) to be identified by the Family Trust within the identification period defined in the Agreement (the "Identification Period").

15.     Indeed, Section 1.1 of the Agreement provides:

[The Family Trust] agrees to convey the Relinquished Property to [Qualified] Intermediary in consideration of, and in exchange for the conveyance by [Qualified] Intermediary to [the Family Trust] of other property (or properties) of like kind to be identified by Exchanger and conveyed to [Qualified] Intermediary pursuant to Section 2 below.  Such other property (or properties) is referred to in this Agreement as the "Replacement Property."  [Qualified] Intermediary agrees to convey the Relinquished Property to Buyer and to acquire the Replacement Property from the seller or sellers thereof (the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

5

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1    "Seller"), on the terms and conditions in this Agreement, in

2    furtherance of the exchange described above.

3    **Deposit Of Exchange Proceeds**

4        16.    In accordance with the Agreement, on or about May 19, 2008, the proceeds

5    of the sale of the Relinquished Property, totaling no less than $3,654,475.29, were

6    deposited into a Section 1031 exchange account maintained by NAMCO FINANCIAL

7    (the "Exchange Proceeds").  Under the Agreement, the parties specifically agreed that "any

8    cash proceeds received from the conveyance of the Relinquished Property will be

9    deposited with other funds in a general account or accounts of [NAMCO FINANCIAL]

10   with any nationally insured bank or savings institution, and may be transferred to any other

11   such general account or accounts as directed by [NAMCO FINANCIAL]."  Section 5 of

12   the Agreement further entitled the Family Trust to the benefit of all interest earned from

13   the deposited Exchange Proceeds.  Nothing in the Agreement permitted NAMCO

14   FINANCIAL, NAMCO CAPITAL, or NAMVAR, to make any other use of the Exchange

15   Proceeds, including using the proceeds to fund other investments or projects.

16   **Exchange Proceeds Misappropriated By NAMVAR**

17       17.    As of the filing of this action, and despite that the Exchange Period expired

18   under the Agreement prior to the filing of this lawsuit, neither NAMVAR nor NAMCO

19   FINANCIAL has returned the Family Trust's the Exchange Proceeds, as it/they were

20   obligated to do under the Agreement.

21       18.    Upon information and belief, NAMCO FINANCIAL did not return the

22   Exchange Proceeds because NAMVAR, NAMCO FINANCIAL, and NAMCO CAPITAL

23   had earlier converted and misappropriated the remaining Exchange Proceeds for their own

24   uses, including, without limitation, by transferring some or all of the Exchange Proceeds to

25   NAMCO CAPITAL.

26       19.    By failing to maintain the Exchange Proceeds in a "nationally insured bank

27   or savings institution," and by failing to return the Exchange Proceeds as of the completion

28   of the 180-day Exchange Period as set forth in the Agreement, among other things:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

6

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

(1) NAMCO FINANCIAL breached the Exchange Agreement; (2) NAMVAR, NAMCO

FINANCIAL and NAMCO CAPITAL converted (stole) the Family Trust's funds for their

own personal use; (3) NAMVAR and NAMCO FINANCIAL, aided and abetted by

NAMCO CAPITAL, breached their fiduciary duties they owed to the Family Trust; and

(4) NAMVAR and NAMCO FINANCIAL engaged in unfair, unlawful, and/or fraudulent

business practices within the meaning of Cal. Bus. & Prof. Code Sections 17200 *et seq.*

To date, despite the Family Trust's demands, NAMVAR has refused to return the

Exchange Proceeds to the Family Trust.

<u>**CLAIMS FOR RELIEF**</u>

**FIRST CLAIM FOR RELIEF**

**(Fraud And Intentional Deceit Against NAMVAR)**

20.    The Family Trust hereby incorporates by reference each and every allegation

of paragraphs 1 through 19 as though fully set forth herein.

21.    Beginning in or around June 2008, NAMVAR made and/or caused NAMCO

FINANCIAL to make the following misrepresentations and material omissions, among

others, to the Family Trust:

<u>Misrepresentations</u>:

a.    Representing to the Family Trust, both expressly and through a

continuous course of conduct, that NAMCO FINANCIAL was a legitimate exchange

company and qualified intermediary for purposes of completing Section 1031 exchange

transactions, when, upon information and belief, NAMCO FINANCIAL was nothing more

than NAMVAR's vehicle for converting the funds of others for his own personal

investments and/or to operate an illegal "Ponzi" scheme;

b.    Representing to the Family Trust, both expressly and through a

continuous course of conduct, that NAMVAR and NAMCO FINANCIAL were holding

the Exchange Proceeds in trust and in a "nationally insured bank or savings institution,"

when, upon information and belief, the Family Trust's funds were being used for other

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

7

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1  purposes including NAMVAR's and NAMCO CAPITAL's own investments and/or

2  NAMVAR's operation of an illegal "Ponzi" scheme;

3        c.   Representing to the Family Trust, both expressly and through a

4  continuous course of conduct, that the Exchange Proceeds were being held and used for

5  legitimate business purposes consistent with the tax-deferred exchange as contemplated by

6  the Agreement, when, as alleged above, they were not;

7        d.   Representing to the Family Trust, both expressly and through a

8  continuous course of conduct, that, following deposit, the Exchange Proceeds would be

9  and were immediately available for the purchase of all replacement properties identified by

10  the Family Trust when, as alleged above, they were not;

11        e.   In response to the Family Trust's request that NAMVAR and NAMCO

12  FINANCIAL identify the location of the Exchange Proceeds, NAMVAR and/or NAMCO

13  FINANCIAL misrepresented that the funds were in an unidentified branch of the Bank of

14  America, when, upon information or belief, they were not and instead had been disposed

15  of by NAMVAR for his own personal investments, to NAMCO CAPITAL, and/or for the

16  operation of an illegal "Ponzi" scheme.

17    Material Omissions:

18        f.   At all pertinent times, NAMVAR failed to disclose that NAMCO

19  FINANCIAL was not a legitimate exchange company and qualified intermediary, but,

20  upon information and belief, was instead a sham corporation set up and used by

21  NAMVAR to generate capital for his own risky investments, for disposition to NAMCO

22  CAPITAL, and/or for the operation of an illegal "Ponzi" scheme; and

23        g.   At all pertinent times, NAMVAR failed to disclose that, rather than

24  maintain the Exchange Proceeds in the manner dictated by the Agreement, upon

25  information and belief, NAMVAR and/or NAMCO FINANCIAL, at NAMVAR's

26  direction, had instead disposed of the Family Trust's Exchange Proceeds completely or in

27  a manner that made such funds unlikely to be recovered and otherwise unavailable to the

28  Family Trust to accomplish the purposes of the Section 1031 Exchange.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

8

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

22.    The Family Trust is informed and believes, and based thereon alleges, that, at all times relevant herein, NAMVAR knowingly and willfully conspired with NAMCO FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or otherwise, to defraud the Family Trust, as set forth herein.

23.    The Family Trust is informed and believes, and on that basis alleges, that when NAMVAR made these representations and material omissions, either himself or through NAMCO FINANCIAL, he knew them to be false, fraudulent and/or deceptive, and made them with the intention to deceive and defraud the Family Trust and to induce the Family Trust to act in reliance thereon.

24.    At the time the above misrepresentations and material omissions were made, the Family Trust was ignorant of their falsity and believed them to be true.  This reliance was reasonable because NAMVAR actively misrepresented, suppressed, concealed and failed to disclose the truth.

25.    As a direct and proximate result of NAMVAR's false, fraudulent and/or deceptive acts, the Family Trust has sustained damages in an amount according to proof, but in no event less than $3.6 million.

26.    The Family Trust is informed and believes, and on that basis alleges, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## SECOND CLAIM FOR RELIEF

### (Conversion/Civil Theft Against NAMVAR)

27.    The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 26 as though fully set forth herein.

28.    By means of false, fraudulent and/or deceptive acts, NAMVAR, without the Family Trust's knowledge or consent, exercised dominion and control over,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

9

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1  misappropriated, converted and stole for their personal use and possession, the remaining

2  Exchange Proceeds, all of which belonged to the Family Trust.

3        29.    The Family Trust is informed and believes, and based thereon alleges, that,

4  at all times relevant herein, NAMVAR knowingly and willfully conspired with NAMCO

5  FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or

6  otherwise, to misappropriate, convert, and steal the Exchange Proceeds, as set forth herein.

7        30.    NAMVAR's interference with the Family Trust's right to possess the

8  Exchange Proceeds has been substantial and has deprived the Family Trust of some or all

9  of the Exchange Proceeds.

10       31.    As a proximate result of NAMVAR's conversion, the Family Trust has

11  sustained damages in an amount according to proof, but in no event less than $3.6 million.

12       32.    The Family Trust is informed and believes, and on that basis alleges, that

13  NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious

14  and oppressive, and further allege that these acts justify an award of exemplary and

15  punitive damages in a sum appropriate to punish NAMVAR and deter future similar

16  misconduct.

17                        **THIRD CLAIM FOR RELIEF**

18  **(Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty**

19                                **Against NAMVAR)**

20       33.    The Family Trust hereby incorporates by reference each and every allegation

21  of paragraphs 1 through 32, as though set forth fully herein.

22       34.    As the owner and Chief Executive Officer of the Qualified Intermediary, as

23  that term is defined by United States Treasury Regulations § 1031.1031(k)-1(g)(4)(iii), for

24  the Family Trust, NAMVAR had a relationship of trust and confidence with the Family

25  Trust.  NAMVAR and NAMCO FINANCIAL were obligated as fiduciaries to act with the

26  highest duty of good faith, and were prohibited from placing their own interests ahead of

27  the interests of the Family Trust.

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001                                  10
                    COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

35.    The Family Trust performed all of its obligations, except to the extent any such obligations have been excused or discharged by NAMVAR or NAMCO FINANCIAL's statements or conduct.

36.    NAMVAR has breached his fiduciary obligations, and/or aided and abetted the breach of NAMCO FINANCIAL's fiduciary obligations, to the Family Trust by, among other things:

a.    Engaging in the misrepresentations and/or material omissions to the Family Trust which are set forth in paragraph 21, above;

b.    Misappropriating for his own purposes and the purposes of NAMCO CAPITAL the Exchange Proceeds that were intended and supposed to be held in trust for the Family Trust in a "nationally insured bank or savings institution" for purposes of effectuating the Section 1031 exchange; and

c.    Actively concealing the fact that NAMVAR, NAMCO CAPITAL and/or NAMCO FINANCIAL had misappropriated, converted and stolen the Exchange Proceeds for their personal use and possession.

37.    As a direct and proximate consequence of NAMVAR's wrongful conduct, the Family Trust has been damaged in an amount according to proof, but in no event less than $3.6 million.

38.    The Family Trust is informed and believes, and on that basis alleges, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract Against NAMVAR)

39.    The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 38 as though fully set forth herein.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

11

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

40.    As of May 19, 2008, NAMVAR caused NAMCO FINANCIAL, his alter ego, to enter into the Agreement.

41.    The Family Trust performed all conditions, covenants and promises required of it under the Agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by NAMVAR's, NAMCO FINANCIAL's and/or NAMCO CAPITAL's conduct.

42.    Notwithstanding the Family Trust's performance, NAMVAR caused NAMCO FINANCIAL to materially breach the Agreement by expressly and anticipatorily repudiating it, and by:

a.   Failing to maintain the Exchange Proceeds in a "nationally insured bank or savings institution" as required in paragraph 5 of the Agreement and, upon information and belief, instead using the proceeds for NAMVAR's own personal investments, NAMCO CAPITAL's purposes, and/or for the operation of an illegal "Ponzi" scheme;

b.   Failing to return the Exchange Proceeds upon the completion of the 180-day exchange period; and

c.   Failing and refusing thereafter to return to the Family Trust the balance of the Exchange Proceeds, despite the Family Trust's request for the same.

43.    As a direct and proximate result of each of the above-identified breaches, the Family Trust has sustained damages in an amount according to proof, but in no event less than $3.6 million.

## FIFTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing

### Against All Defendants Against NAMVAR)

44.    The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 43 as though fully set forth herein.

45.    As of June 17, 2008, the Family Trust and NAMCO FINANCIAL entered into the Agreement.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

12

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

46.    As with all agreements in the State of California, the Agreement contains an implied covenant of good faith and fair dealing, pursuant to which each of the parties thereto agreed not to take any action to deprive the other parties of the benefit of the Agreement.

47.    The Family Trust performed all conditions, covenants and promises required under the Agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by NAMVAR's, NAMCO FINANCIAL's, or NAMCO CAPITAL's conduct.

48.    Notwithstanding the Family Trust's performance, NAMCO FINANCIAL materially breached the covenant of good faith and fair dealing by;

    a.  Engaging in the misrepresentations and/or material omissions to the Family Trust which are set forth in paragraph 21, above;

    b.  Engaging in the conduct or omissions set forth in paragraph 36, above; and

    c.  Committing the breaches identified in paragraph 42, above.

49.    As a direct and proximate result of each of the above-identified breaches, the Family Trust has sustained damages in an amount according to proof, but in no event less than $3.6 million.

**SIXTH CLAIM FOR RELIEF**

**(Unfair, Unlawful and Fraudulent Business Practices –**

**Cal. Bus. & Prof. Code § 17200 *et seq.* Against NAMVAR)**

50.    The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 49, as though set forth fully herein.

51.    NAMVAR's actions as complained of herein were undertaken in the course of his business activities, and constitute one or more unfair, unlawful and/or fraudulent business practices under California Business and Professions Code Sections 17200 *et seq.*

52.    By reason of NAMVAR's unfair, unlawful, and/or fraudulent business practices, the Family Trust is entitled to full and immediate restitution of the balance of the

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

13

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1   Exchange Proceeds, as well as attorneys' fees and costs incurred by the Family Trust in

2   bringing and litigating this action.

3   <center>**SEVENTH CLAIM FOR RELIEF**</center>

4   <center>**(Intentional Interference With Contractual Relations Against NAMVAR)**</center>

5       53.     The Family Trust hereby incorporates by reference each and every allegation

6   of paragraphs 1 through 52, as though set forth fully herein.

7       54.     By the terms of the Agreement, NAMCO FINANCIAL agreed to act as a

8   Qualified Intermediary for the Family Trust in connection with a tax-deferred exchange of

9   the Relinquished Property for replacement property(ies) to be identified by the Family

10  Trust within Identification Period, and/or to return the Exchange Proceeds upon the

11  completion of the 180-day Exchange Period.

12      55.     NAMVAR knew of the Agreement, and from its inception, deliberately

13  engaged in activities and conduct, as described above, which was specifically intended to

14  interfere with, disrupt, and/or disturb the Family Trust's contractual relationship with

15  NAMCO FINANCIAL.  Such activities included, among other things, his

16  misappropriation of the Exchange Proceeds which were intended to be used in connection

17  with purchases of identified replacement properties.

18      56.     As a direct and proximate result of these activities, the Family Trust has

19  sustained damages in an amount according to proof, but in no event less than $3.6 million.

20      57.     The Family Trust is informed and believe, and on that basis alleges, that

21  NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious

22  and oppressive, and further allege that these acts justify an award of exemplary and

23  punitive damages in a sum appropriate to punish NAMVAR and deter future similar

24  misconduct.

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

14

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

## EIGHTH CLAIM FOR RELIEF

### (Intentional Interference With Prospective Economic Advantage

### Against NAMVAR)

58.　Plaintiffs hereby incorporate by reference each and every allegation of paragraphs 1 through 57, as though set forth fully herein.

59.　As of June 17, 2008, the Family Trust and NAMCO FINANCIAL entered into the Agreement.

60.　By the terms of the Agreement, NAMCO FINANCIAL agreed to act as a Qualified Intermediary for the Family Trust in connection with a tax-deferred exchange of the Relinquished Property for replacement property(ies) to be identified by the Family Trust within Identification Period, and/or to return the Exchange Proceeds upon the completion of the 180-day Exchange Period.

61.　NAMVAR knew of the Agreement, and knew that it was concluded in furtherance of a Section 1031 exchange.  From its inception, NAMVAR deliberately engaged in activities and conduct, as described above, specifically intended to interfere with, disrupt, and/or disturb the tax advantage derived by the Family Trust at the close of the deferred exchange contemplated by the Agreement, as well as any monetary gains the Family Trust may have realized on the purchase of certain of the identified replacement properties.

62.　As a direct and proximate result of these activities, the Family Trust has sustained damages in an amount according to proof, but in no event less than $3.6 million.

63.　The Family Trust is informed and believes, and on that basis alleges, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

15

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1
2

### NINTH CLAIM FOR RELIEF

### (Unjust Enrichment Against NAMVAR)

3       64.     The Family Trust incorporates by reference each and every allegation of
4  paragraphs 1 through 63 as though fully set forth herein.

5       65.     The Family Trust is informed and believes, and based thereon alleges, that,
6  at all times relevant herein, NAMVAR knowingly and willfully conspired with NAMCO
7  FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or
8  otherwise, to convert the Exchange Proceeds and defraud the Family Trust, as set forth
9  herein.

10      66.     Through his fraudulent, wrongful, and illegal acts, NAMVAR has unjustly
11  enriched himself and NAMCO CAPITAL at the expense of the Family Trust.  The Family
12  Trust is entitled to recover the benefit, in an amount according to proof but in no event less
13  than $3.6 million, unjustly appropriated by NAMVAR as described herein according to
14  proof.

15

### TENTH CLAIM FOR RELIEF

16

### (Constructive Trust Against NAMVAR)

17      67.     The Family Trust hereby incorporates by reference herein each and every
18  allegation of paragraphs 1 through 66, as though set forth fully herein.

19      68.     NAMVAR has wrongfully acquired, and refused to return, the Exchange
20  Proceeds.

21      69.     Through his fraudulent and wrongful acts, NAMVAR has unjustly enriched
22  himself at the expense of the Family Trust.

23      70.     NAMVAR has thereby become a constructive trustee to the Family Trust as
24  to the Exchange Proceeds.

25      71.     The Family Trust seek a judicial declaration establishing that the NAMVAR
26  shall hold the Exchange Proceeds, and any other converted monies or other assets in trust
27  for the Family Trust.

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

16

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

## ELEVENTH CLAIM FOR RELIEF

### (Accounting Against NAMVAR)

72.    The Family Trust hereby incorporates by reference herein each and every allegation of paragraphs 1 through 71, as though set forth fully herein.

73.    Under the Agreement, the Family Trust is entitled to the benefit of the full amount of the Exchange Proceeds as well as interest earned on those proceeds.  In light of NAMVAR's/NAMCO FINANCIAL's failure to maintain the Exchange Proceeds in a "nationally insured bank or savings institution" as the Agreement provides, and NAMVAR's failure to account for the amount of any interest or profits earned on such proceeds, the precise amount of money owed by NAMVAR to the Family Trust is unknown to Family Trust and cannot be ascertained without an accounting.

74.    The Family Trust hereby demands, and has demanded, that NAMVAR and NAMCO FINANCIAL account for the aforementioned monies and pay the amount due to the Family Trust.

75.    Despite such demands, NAMVAR and NAMCO FINANCIAL have failed and refused, and continue to fail and refuse, to render any accounting, much less to pay the Family Trust the entire amount of monies due and owing.

## TWELFTH CLAIM FOR RELIEF

### (Conspiracy Against NAMVAR)

76.    The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 75, as though set forth fully herein.

77.    The Family Trust has been harmed by the NAMVAR and his accomplices, each of whom were participants in a conspiracy to commit the acts complained of herein.

78.    NAMVAR knowingly, willfully and intentionally conspired with NAMCO FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or otherwise, to defraud the Family Trust and otherwise to commit the wrongs as set forth herein.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

17

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

79.     As a result of this conspiracy, the Family Trust has been damaged in an amount according to proof, but in no event less than $3.6 million.

80.     The Family Trust is informed and believes, and on that basis alleges, that NAMVAR's acts and the acts of his accomplices were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## THIRTEENTH CLAIM FOR RELIEF

### (Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(2)(A))

81.     The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 80 as though fully set forth herein.

82.     The Family Trust alleges that the claims for relief arising from the actions and omissions of NAMVAR, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish claims for money "obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  Upon information and belief, such actions/omissions were undertaken in furtherance of a massive fraudulent financial scheme to deprive the Family Trust and others of their money through false promises, fraudulent inducements, deception and actual fraud, which caused the Family Trust to deposit its money with NAMVAR and NAMCO FINANCIAL, NAMVAR's alter ego.

83.     As a result of NAMVAR's actions and omissions identified herein, he has received a benefit from Family Trust in excess of $3.6 million, based upon false pretenses, false representations, and actual fraud, other than a statement respecting his or any insider's financial condition.

84.     As a result of such actions/omissions, the Family Trust has accordingly been damaged in an amount in excess of $3.6 million, plus interest, costs and attorneys' fees which continue to accrue.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

18

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

85.     Accordingly, pursuant to Bankruptcy Code Section 523(a)(2)(A), the above-described claims for relief are non-dischargeable.

### FOURTEENTH CLAIM FOR RELIEF

### (Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(4))

86.     The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 85 as though fully set forth herein.

87.     The Family Trust alleges that the claims for relief arising from the actions and omissions of NAMVAR, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(4) in that they establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  Upon information and belief, and as set forth above, NAMVAR undertook the fraudulent actions/omissions described herein while acting in a fiduciary capacity for the Family Trust, and such actions/omissions were undertaken in furtherance of a massive fraudulent financial scheme to permanently deprive the Family Trust and others of their money.  NAMVAR embezzled and stole the entrusted Exchange Proceeds from the Family Trust.

88.     As a result of NAMVAR's actions and omissions identified herein, he has received a benefit from the Family Trust in excess of $3.6 million, through his role as the Family Trust's fiduciary and through fraud, defalcation, embezzlement and larceny.

89.     As a result of such actions/omissions, the Family Trust has accordingly been damaged in an amount in excess of $3.6 million, plus interest, costs and attorneys' fees which continue to accrue.

90.     Accordingly, pursuant to Bankruptcy Code Section 523(a)(4), the above-described claims for relief are non-dischargeable.

### FIFTEENTH CLAIM FOR RELIEF

### (Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(6))

91.     The Family Trust hereby incorporates by reference each and every allegation of paragraphs 1 through 90 as though fully set forth herein.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

19

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

92.     The Family Trust alleges that the claims for relief arising from the actions and omissions of NAMVAR, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(6) in that it reflects "willful and malicious injury by the debtor to another entity or the property of another entity."  Upon information and belief, such actions/omissions were undertaken in furtherance of a massive fraudulent financial scheme to deprive the Family Trust and others of their money through false promises, fraudulent inducements, deception and actual fraud, which caused the Family Trust to deposit its money with NAMVAR and NAMCO FINANCIAL, NAMVAR's alter ego. Each of the actions/omissions of NAMVAR set forth herein were undertaken willfully and with the intent to permanently deprive the Family Trust of the Exchange Proceeds.

93.     As a result of NAMVAR's actions and omissions identified herein, he has received a benefit from the Family Trust in excess of $3.6 million, based upon his willful and malicious actions in depriving the Family Trust of its money and property.

94.     As a result of such actions/omissions, the Family Trust has accordingly been damaged in an amount in excess of $3.6 million, plus interest, costs and attorneys' fees which continue to accrue.

95.     Accordingly, pursuant to Bankruptcy Code Section 523(a)(6), the above-described claims for relief are non-dischargeable.

## PRAYER FOR RELIEF

WHEREFORE, the Family Trust prays for judgment against NAMVAR as follows:

## FIRST CLAIM FOR RELIEF

1.     For compensatory damages in an amount not yet fully determined, but in no event less than $3.6 million;

2.     For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.     For punitive and exemplary damages in an amount to be proven at trial;

4.     For the Family Trust's costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem just and proper.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

20

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

**SECOND CLAIM FOR RELIEF**

1.      For compensatory damages in an amount not yet fully determined, but in no event less than $3.6 million;

2.      For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.      For punitive and exemplary damages in an amount to be proven at trial;

4.      For the Family Trust's costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem just and proper.

**THIRD CLAIM FOR RELIEF**

1.      For compensatory damages in an amount not yet fully determined, but in no event less than $3.6 million;

2.      For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.      For punitive and exemplary damages in an amount to be proven at trial;

4.      For the Family Trust's costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem just and proper.

**FOURTH CLAIM FOR RELIEF**

1.      For compensatory damages in an amount not yet fully determined, but in no event less than $3.6 million;

2.      For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.      For the Family Trust's attorneys' fees, pursuant to Section 16 of the Agreement, and its costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem just and proper.

**FIFTH CLAIM FOR RELIEF**

1.      For compensatory damages in an amount not yet fully determined, but in no event less than $3.6 million;

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

21

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1       2.    For consequential damages, including but not limited to the loss of all

2   Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3       3.    For the Family Trust's attorneys' fees, pursuant to Section 16 of the

4   Agreement, and its costs of suit incurred herein; and

5       4.    For such other and further relief as the Court may deem just and proper.

6   **SIXTH CLAIM FOR RELIEF**

7       1.    For restitution of an amount not yet fully determined, but in no event less

8   than $3.6 million;

9       2.    For an order enjoining and restraining NAMVAR and all persons acting

10  with, for or in concert with them from their unlawful practices;

11      3.    For the Family Trust's attorneys' fees and costs of suit incurred herein; and

12      4.    For such other and further relief as the Court may deem just and proper.

13  **SEVENTH CLAIM FOR RELIEF**

14      1.    For compensatory damages in an amount not yet fully determined, but in no

15  event less than $3.6 million;

16      2.    For consequential damages, including but not limited to the loss of all

17  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

18      3.    For the Family Trust's costs of suit incurred herein; and

19      4.    For such other and further relief as the Court may deem just and proper.

20  **EIGHTH CLAIM FOR RELIEF**

21      1.    For compensatory damages in an amount not yet fully determined, but in no

22  event less than $3.6 million;

23      2.    For consequential damages, including but not limited to the loss of all

24  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

25      3.    For the Family Trust's costs of suit incurred herein; and

26      4.    For such other and further relief as the Court may deem just and proper.

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

22

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

**NINTH CLAIM FOR RELIEF**

1.      For restitution of an amount not yet fully determined, but in no event less than $3.6 million;

2.      For an accounting;

3.      For imposition of a constructive trust;

4.      For disgorgement of all profits obtained by NAMVAR, NAMCO CAPITAL, and/or NAMCO FINANCIAL as a result of the fraudulent acts complained of herein;

5.      For the Family Trust's costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

**TENTH CLAIM FOR RELIEF**

1.      For restitution of an amount not yet fully determined, but in no event less than $3.6 million;

2.      For an accounting;

3.      For imposition of a constructive trust;

4.      For disgorgement of all profits obtained by NAMVAR, NAMCO CAPITAL, and/or NAMCO FINANCIAL as a result of the fraudulent acts complained of herein;

5.      For the Family Trust's costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

**ELEVENTH CLAIM FOR RELIEF**

1.      For restitution of an amount not yet fully determined, but in no event less than $3.6 million;

2.      For an accounting;

3.      For imposition of a constructive trust;

4.      For disgorgement of all profits obtained by NAMVAR, NAMCO CAPITAL, and/or NAMCO FINANCIAL as a result of the fraudulent acts complained of herein;

5.      For the Family Trust's costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

23

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

## TWELFTH CLAIM FOR RELIEF

1.    For compensatory damages in an amount not yet fully determined, but in no event less than $3.6 million;

2.    For consequential damages, including but not limited to the loss of all Section 1031 tax advantages, in an amount to be proven at trial;

3.    For punitive and exemplary damages in an amount to be proven at trial;

4.    For the Family Trust' costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem just and proper.

## THIRTEENTH CLAIM FOR RELIEF

1.    For a determination that the claim(s) for relief set forth herein are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish claims for money "obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

## FOURTEENTH CLAIM FOR RELIEF

1.    For a determination that the claim(s) for relief set forth herein are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(4) in that they establish a claim for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

## FIFTEENTH CLAIM FOR RELIEF

1.    For a determination that the claim(s) for relief set forth herein are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(6) in that they reflect "willful and malicious injury by the debtor to another entity or the property of another entity."

Dated:  May 15, 2009

LOEB & LOEB LLP
MARK D. CAMPBELL
BENJAMIN R. KING
DERRICK TALERICO


By: */s/ Derrick Talerico*
    DERRICK TALERICO
    Attorneys for Creditor
    HOLLY GETLIN, as Trustee of the Irene
    Karsin Family Trust

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1

## **DEMAND FOR JURY TRIAL**

2      The Family Trust hereby demands a jury trial on all claims for relief as to which a

3  jury trial is available.

4  Dated:  May 15, 2009                    LOEB & LOEB LLP
                                         MARK D. CAMPBELL
5                                        BENJAMIN R. KING
                                         DERRICK TALERICO
6

7                                        By: */s/ Derrick Talerico*
                                         DERRICK TALERICO
8                                        Attorneys for Creditor
                                         HOLLY GETLIN, as Trustee of the Irene
9                                        Karsin Family Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866586.1
212475-10001

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

FORM B104 (08/07)                                                                                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS HOLLY GETLIN, as Trustee of the Irene Karsin Family Trust | DEFENDANTS EZRI NAMVAR |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) MARK CAMPBELL, BENJAMIN KING, DERRICK TALERICO LOEB & LOEB LLP 10100 Santa Monica Blvd., Los Angeles, CA  90067-4120 T: 310-282-2000;  F: 310-282-2200 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraud/deceit; conversion/theft; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; breach of contract/covenant of good faith and fair dealing; unfair, unlawful and fraudulent business practices; intentional interference with contractual relations and prospective economic advantage; unjust enrichment; constructive trust; accounting; conspiracy; non-dischargeability

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☑ 5 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☑ 1 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☑ 3 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☑ 2 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61 -Dischargeability - §523(a)(5), domestic support

☑ 4 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**

☐ 71 -Injunctive relief - imposition of stay

☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01 -Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

American LegalNet, Inc.
www.FormsWorkflow.com

FORM B104 (08/07), page 2

2007 USBC, Central District of California

Other Relief Sought

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| EZRI NAMVAR | | 2:08-bk-32349-BR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | LOS ANGELES | HON. BARRY RUSSELL |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /s/ Derrick Talerico |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| May 15, 2009 | DERRICK TALERICO |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

MARK D. CAMPBELL (180528); BENJAMIN R. KING (205447)
DERRICK TALERICO (223763)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067-4120
Telephone:  310-282-2000
Facsimile:  310-282-2200

*Attorney for Plaintiff* Creditors HOLLY GETLIN, as Trustee of the Irene Karsin Family Trust

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

EZRI NAMVAR

Debtor.

CHAPTER 11

CASE NUMBER 2:08-bk-32349-BR

ADVERSARY NUMBER

HOLLY GETLIN, as Trustee of the Irene Karsin Family Trust

Plaintiff(s),

vs.

EZRI NAMVAR

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

## SUMMONS AND NOTICE OF STATUS CONFERENCE

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

☒  **255 East Temple Street, Los Angeles**         ☐  **411 West Fourth Street, Santa Ana**

☐  **21041 Burbank Boulevard, Woodland Hills**      ☐  **1415 State Street, Santa Barbara**

☐  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial. _____

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
                    *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

**F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| EZRI NAMVAR | | 2:08-bk-32349-BR |
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> ~~completed no later~~ than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     _____     _____
*Date*                          *Type Name*                               *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

**F 7004-1**

| In re                    (SHORT TITLE)        | CASE NO.:        |
|-----------------------------------------------|------------------|
| EZRI NAMVAR                                   | 2:08-bk-32349-BR |
|                              Debtor(s).       |                  |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com